UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

PAUL DAVID BENSON, No. 11-12735

                Debtor(s).
_____/

Memorandum on Motion for Contempt
_____

Debtor Paul Benson is a contractor. He filed his Chapter 7 petition on July 19, 2011. He did not schedule creditor Robert Lucchese in his initial schedules. On October 25, 2011, Benson filed an amended schedule listing Lucchese as a potential creditor due to a pre-petition "roofing job." Lucchese's address was listed incorrectly. Benson received his discharge the next day.

Benson voluntarily did some follow-up work for Lucchese voluntarily, but stopped when a dispute arose. Lucchese then commenced a small claims action in state court against Benson based on the prepetition warranty.

On December 12, 2013, an attorney hired by Benson sent a letter to Lucchese informing him of the bankruptcy and demanding that he not prosecute his small claims action. Lucchese says that this is the first he learned of Benson's bankruptcy.

Up to this point, the legal issues were relatively easy to resolve. Omitted creditors are covered by § 523(a)(3) of the Bankruptcy Code, which makes the bankruptcy binding on creditors with notice or actual knowledge of the bankruptcy in time to take action, even if they were unscheduled. The key

1

provision is "notice or actual knowledge" of the bankruptcy, not scheduling. Since it appears that this case was closed as a no-asset case, the letter Lucchese admits to receiving in December of 2013 was sufficient to discharge any contract or warranty claim he had based on the prepetition roofing work. Benson's postpetition voluntary warranty work was not sufficient to revive this debt; reaffirmation can only be made by formal, timely action. 11 U.S.C. § 524(c). If Lucchese had any claim for fraud but did not know about the bankruptcy in time to file an action in bankruptcy court under § 523(c), such a claim is governed by § 523(a)(3)(B); such a debt is nondischargeable if he can show he had a meritorious claim under § 523(a)(2) which he could not bring because he did not know about the deadline for asserting such claims. *In re Lochrie* (9th Cir.BAP 1987) 78 B.R. 257.[1]

Unfortunately, at this point things get muddled. Instead of coming to this court when Lucchese failed to dismiss his small claims complaint, Benson appeared at the state court hearing and - apparently - raised his discharge as a defense. The small claims court judge disregarded the bankruptcy and entered judgment against Benson for $3,125.00. Benson then appealed, but failed to appear at the appellate hearing. The appellate court increased the judgment to $10,000.00.

Benson's appearance in the state court proceedings creates serious problems. While only the bankruptcy court has jurisdiction over § 523(c) actions, an action under § 523(a)(3) is not subject to § 523(c); state courts have concurrent jurisdiction. *In re Sasson,* 424 F.3d 864, 869 (9th Cir. 2005); *In re McGhan,* 288 F.3d 1172, 1176 (9th Cir. 2002). While the state court undoubtedly got the law wrong, this court is not an appellate court and has no ability to undo an erroneous state court decision where the state court had jurisdiction to make it.

The court intends no findings or adjudications here as to ultimate dischargeability of Lucchese's claims; such an adjudication can only be made in the context of an adversary proceeding pursuant to Rule 7001(6) of the Federal Rules of Bankruptcy Procedure. The above discussion is only

---

[1] Scheduling Lucchese as a creditor or notifying him the day before the § 523(c) deadline was not sufficient to make him subject to the deadline, even if the notice had been properly addressed. *In re Dewalt,* 961 F.2d 848, 851 (9th Cir.1992).

2

intended to give the parties some guidance in the event that they seek to litigate dischargeability and to show that there is a real dispute here. The remedy of contempt for violation of the discharge injunction is not appropriate where there is a bona fide dispute over whether or not the debt in question has been discharged. *In re Boni,* 240 B.R. 381, 385n7 (9th Cir. BAP 1999). At the very least, this motion is premature.

For the foregoing reasons, Benson's motion will be denied without prejudice. Counsel for Benson shall submit an appropriate form of order.

Dated: July 11, 2014

Alan Jaroslovsky
Chief Bankruptcy Judge